UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 MAY 12 AM 11: 14

CLERK

BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No. 2:22-CR-12-2 |
| | ) | |
| GAGE COLSON, | ) | |
| Defendant. | ) | |

## SUPERSEDING INFORMATION

The United States Attorney charges:

### COUNT ONE

Between in or about late 2018 and September 10, 2021, the defendant, GAGE COLSON, and others, known and unknown, knowingly and willfully conspired to distribute 100 grams or more of a mixture and substance containing a detectible amount of heroin, a Schedule I controlled substance, 40 grams or more of a mixture and substance containing a detectible amount of N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propanamide (also known as "fentanyl"), a Schedule II controlled substance, and cocaine base, a Schedule II controlled substance.

(21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), 841(b)(1)(C))

FORFEITURE NOTICE

1. The allegations contained in Count One of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853.

2. Pursuant to 21 U.S.C. § 853, upon conviction of an offense in violation of 21 U.S.C. § 846, the defendant, GAGE COLSON, shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to:

    a. United States funds in the amount of the gross proceeds obtained as a result of the violation, including $17,384, more or less, of United States currency

    b. 2,663 rounds of various calibers of ammunition

    c. Firearms:

| MAKE/MODEL | CALIBER/TYPE | SERIAL NUMBER |
|---|---|---|
| Browning Black Label 1911-22 | .22 Caliber Pistol | 51EYM51569 |
| Radical Firearms RF-15 | Multi-Caliber Pistol | 20-009896 |
| Derya Arms VR-80 | 12-Gauge Shotgun | R386831 |
| Remington 870 Super Mag | 12-Gauge Shotgun | CC40812G |
| Akkar Silah Sanayi Charles Daly | 12-Gauge Shotgun | 3119201 |
| Ruger EC92 9mm | .9mm Pistol | 456-25981 |
| SCCY CPX-1 | .9mm Pistol | 903875 |
| Glock Model 20 | .10mm Pistol | WRN576 |
| Winchester XPR | .7mm Caliber Rifle | 357ZP08174 |
| Marlin Model 60 | .22 Caliber Rifle | 12343780 |
| Ruger [Unknown Model] | .9mm Caliber Rifle | 470-20645 |
| [Unknown Manufacturer] SKS | 7.62 Caliber Rifle | 8807180 |
| Mauser 71/84 | .11 Caliber Rifle | 7705 |
| High Standard D100 | .22 Caliber Pistol | 1279743 |
| Sterling Arms | .25 Auto Caliber Pistol | 83644 |
| Ruger 22/45 Lite | .22 Caliber Pistol | WBR112288 |

3. If any forfeitable property described above, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third party;

    (3) has been placed beyond the jurisdiction of the court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided

without difficulty, the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

(21 U.S.C. § 853)

*Nikolas P. Kerest* (NTB)
NIKOLAS P. KEREST
United States Attorney
Burlington, Vermont
May 12, 2022